## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| MCNEIL NUTRITIONALS, LLC, | : | |
| Plaintiff, | : | |
| | : | Civil Action No. 06-5336 (JRP) |
| v. | : | |
| | : | |
| HEARTLAND SWEETENERS LLC AND | : | |
| HEARTLAND PACKAGING CORP., | : | |
| Defendants. | : | |
| | : | |

### DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES

Defendants, Heartland Sweeteners, LLC and Heartland Packaging Corp. ("defendants" or, collectively, "Heartland")[1] in answer to the complaint state:

### INTRODUCTION

1. Admitted in part, denied in part. It is admitted that plaintiff seeks preliminary and permanent injunctive relief, a product recall, damages, and attorneys' fees for false designation of origin of good under Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125, for dilution of trade dress and trademark under Pennsylvania common law and for misappropriation of an advertising idea under Pennsylvania common law. The remainder of the allegations in paragraph 1 of the complaint constitute conclusions of law to which no further response is required, and, therefore, are deemed denied. By way of further answer, Heartland denies that preliminary or permanent injunctive relief, a product recall, damages, and/or attorneys' fees are warranted.

2. Admitted in part, denied in part. It is admitted that Heartland Sweeteners, LLC has begun to distribute and sell no-calorie sweeteners. The remainder of the allegations in the

---

[1] While Heartland Sweeteners, LLC and Heartland Packaging Corp. are separate corporations, for ease of reference, they collectively may be referred to as "Heartland" in this answer.

first sentence of paragraph 2 of the complaint are denied.  The allegations in sentences 2 and 3 of

paragraph 2 of the complaint constitute conclusions of law to which no further response is

required, and, therefore, are deemed denied.  By way of further answer, Heartland denies that it

has violated plaintiff's rights under the Lanham Act and/or Pennsylvania statutory or common

law and/or that plaintiff is entitled to injunctive relief, a product recall, and/or damages.

<u>**JURISDICTION AND VENUE**</u>

3.      Denied.  The allegations of paragraph 3 of the complaint constitute conclusions of

law to which no further response is required, and, therefore, are deemed denied.

4.      Denied.  The allegations of paragraph 4 of the complaint constitute conclusions of

law to which no further response is required, and, therefore, are deemed denied.

<u>**THE PARTIES**</u>

5.      Admitted in part, denied in part.  It is admitted that plaintiff McNeil Nutritionals,

LLC ("McNeil" or "plaintiff") markets the no-calorie sweetener Splenda, of which the primary

sweetening ingredient is Splenda.  After reasonable investigation, Heartland is without

knowledge or information sufficient to form a belief as to the truth of the remainder of the

allegations in paragraph 5 of the complaint, and, therefore, these allegations are deemed denied.

6.      Admitted in part, denied in part.  It is admitted that Heartland Sweeteners, LLC is

incorporated and organized under the laws of the State of Indiana, with its principal place of

business at 14300 Clay Terrace Blvd., Suite 249, Carmel, IN 46032.  It is further admitted that

Heartland Sweeteners, LLC sells store-brand, or "private label," sucralose sweeteners in the

United States commerce to a number of food retailers, include Wal-Mart, Stop & Shop, Giant,

Tops, Food Lion, and Safeway.  It is further admitted that these store-brand sweeteners are

positioned to compete with Splenda.  The remainder of the allegations in paragraph 6 of the complaint are denied.

## BACKGROUND

7.      After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the complaint, and, therefore, these allegations are deemed denied.

8.      Admitted in part, denied in part.  It is admitted that, in 2000, McNeil introduced in the United States Splenda, the first sucralose-based sweetener.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 8 of the complaint, and, therefore, these allegations are deemed denied.

9.      Admitted in part, denied in part.  It is admitted that sucralose possesses an altered molecular structure from sucrose such that sucralose passes through the body without being metabolized for energy (calories).  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 9 of the complaint, and, therefore, these allegations are deemed denied.

10.     Admitted in part, denied in part.  It is admitted that, in September 2000, Splenda was launched in retail stores in the United States.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 10 of the complaint, and, therefore, these allegations are deemed denied.

11.     Admitted in part, denied in part.  It is admitted that retail chains and grocery stores, such as Wal-Mart, Stop & Shop, Giant and Safeway, carry Splenda.  It is further admitted

that Splenda appears in restaurants and the Starbucks chain.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 11 of the complaint, and, therefore, these allegations are deemed denied.

12.     Denied.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the complaint, and, therefore, these allegations are deemed denied.

13.     Admitted in part, denied in part.  It is admitted that Sweet'N Low (packaged in pink and red boxes and pink packets) and Equal (packaged in blue boxes and packets) were the market leaders at the time of Splenda's U.S. launch.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 13 of the complaint, and, therefore, these allegations are deemed denied.

14.     Admitted in part, denied in part.  It is admitted that McNeil adopted a yellow, blue, and white color scheme for some of its Splenda-product packaging.  It is further admitted that a fade color motif is employed for the blue lettering of the "Splenda" product name.  It also is admitted that there is a white cloud around the product name and that a Splenda package is depicted below paragraph 14 of the complaint.  The remainder of the allegations in paragraph 14 of the complaint are denied.  By way of further response, the background color of Splenda's packaging is a golden-yellow color that is similar to both Domino sugar products and Sugar Twin sugar substitute, both of which were on the market before Splenda.

15.     Admitted in part, denied in part.  It is admitted that Splenda packets are depicted on the front panel of each 3.5-ounce box and that an individual Splenda packet is depicted below

4

paragraph 15 of the complaint.  The remainder of the allegations in paragraph 15 of the complaint are denied.

16.    Admitted in part, denied in part.  It is admitted that packaging for the 100-count Splenda-packet box is depicted below paragraph 16 of the complaint.  It is further admitted that the packaging for Splenda in granular form has the same yellow color as the box for Splenda packets.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the complaint regarding the availability of Splenda in granular form or the size of the granular product depicted below paragraph 16 of the complaint, and, therefore, these allegations are deemed denied.  The remainder of the allegations in paragraph 16 of the complaint are denied.

17.    Denied.

18.    Denied.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the complaint, and, therefore, these allegations are deemed denied.

19.    Admitted in part, denied in part.  It is admitted that McNeil's circular seal advertising slogan logo is depicted below paragraph 19 of the complaint.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the complaint regarding the existence of McNeil's advertising slogan logo on exterior product packaging for all Splenda no-calorie sweetener products, and, therefore, these allegations are deemed denied.  The remainder of the allegations in paragraph 18 of the complaint are denied.

20.     Admitted in part, denied in part.  It is admitted that the back of the Splenda box states "Splenda® No Calorie Sweetener is made from sugar so it tastes like sugar."  The remainder of the allegations in paragraph 20 of the complaint are denied.

21.     Denied.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the complaint, and, therefore, these allegations are deemed denied.

## THE SPLENDA SLOGAN AND PACKAGING ARE NOT PROTECTABLE

22.     Admitted in part, denied in part.  It is admitted that McNeil has introduced various Splenda products to the market and has adjusted its packaging.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the complaint regarding consumers' purported association of advertising slogans with the Splenda brand, and, therefore, these allegations are deemed denied. The remainder of the allegations in paragraph 22 of the complaint are denied.

23.     Denied.  It is denied that either the Splenda package or advertising slogan(s) is distinctive.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 23 of the complaint, and, therefore, these allegations are deemed denied.

24.     Denied.  The allegations of paragraph 24 of the complaint constitute conclusions of law to which no further response is required, and, therefore, are deemed denied.  To the extent these allegations are deemed factual, they are denied.

25.     Admitted in part, denied in part.  It is admitted that, in *McNeil PPC, Inc. v. Merisant Co.*, McNeil obtained a preliminary injunction and product recall.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the

truth of the allegations in paragraph 25 of the complaint regarding McNeil's reasons for having taken legal steps in other circumstances, and, therefore, these allegations are deemed denied. The remainder of the allegations of paragraph 25 of the complaint constitute conclusions of law to which no further response is required, and, therefore, are deemed denied.  To the extent these allegations are deemed factual, they are denied.

## PACKAGES SUPPLIED BY HEARTLAND ARE NOT INFRINGING

26.     Admitted in part, denied in part.  It is admitted that photographs of the front panels of the packages of sweetener products supplied by Heartland are attached as Exhibits A-E to the complaint.  It is further admitted that Heartland supplies these packages and sells these sweetener products, which contain sucralose, to a number of grocery store chains, including Stop & Shop, Giant, Tops, Food Lion, and Safeway.  The remainder of the allegations in paragraph 26 of the complaint are denied.

27.     Denied.

28.     Admitted in part, denied in part.  It is admitted that elements appearing on Splenda's packaging also appear on other packages in the sweetener category.  The remainder of the allegations in paragraph 28 of the complaint are denied.

29.     Denied.

30.     Admitted in part, denied in part.  It is admitted that a 100-count box of Giant "Sweetener" and a 100-count box of Splenda are depicted below paragraph 30 of the complaint. The remainder of the allegations in paragraph 30 of the complaint are denied.

31.     Admitted in part, denied in part.  It is admitted that a photograph of a Splenda packet and a photograph of a Safeway "Sucralose" packet are depicted below paragraph 31 of the complaint.  The remainder of the allegations in paragraph 31 of the complaint are denied.

32.     Denied.  It is denied that consumers exposed to Tops, Giant, Safeway, and/or Stop & Shop packets are likely to be confused as to whether the product is Splenda.  After reasonable investigation, Heartland is without knowledge or information sufficient to form a belief as to the truth of the remaining of the allegations in paragraph 32 of the complaint, and, therefore, these allegations are deemed denied.

33.     Denied.

## HEARTLAND DID NOT COPY THE SPLENDA SLOGAN

34.     Denied.  By way of further response, the inclusion of this tagline, appearing in the photograph depicted below paragraph 34 of the complaint, in the first run of packaging for Giant, Tops, and Stop & Shop "Sweetener" packaging was a mistake, which Heartland did not approve. The tagline has not appeared in any packaging since the first run.  Once Heartland learned of this mistake, it destroyed all of the packaging in its possession that included this tagline.

## THERE IS NO LIKELIHOOD OF CONFUSION

35.     Admitted in part, denied in part.  It is admitted that the store-brand products supplied by Heartland and Splenda are sucralose sweeteners sold in the same market and displayed near or next to each other.  It is further admitted that, as in the photographs depicted in Exhibit F, in some stores, Heartland's store brand product is being placed on the shelf immediately next to Splenda.  The remaining allegations in paragraph 35 of the complaint are denied.  By way of further answer, the stores themselves, and not Heartland, make all decisions as to product placement on store shelves.

36.     Denied.  To the contrary, the use of some elements similar to those in Splenda's trade dress alerts consumers of the existence of a lower-cost alternative and encourages consumers to compare the Splenda and the store-brand, particularly based upon price.

Furthermore, given the color-coding among sugar substitutes, it would be confusing to the average consumer if store brand sucralose were not found in yellow packaging with blue lettering.  As it has developed, the category of sugar substitutes has grown increasingly complex with a proliferation of both sugar and sugar-substitute products.  Consumers want cues to help them make purchasing decisions, and a yellow package with blue lettering is one such important cue.  It helps consumers that the color of the packaging and lettering is similar in all sucralose products so that they know the goods are in the same product category.

37.     Denied.

## NO INJURY TO PLAINTIFF OR THE PUBLIC

38.     Denied.  The allegations of paragraph 39 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

39.     It is admitted that relatively little consumer advertising or promotion is undertaken for store-brand sweeteners.  The remaining allegations in paragraph 38 of the complaint are denied.  By way of further response, retailers provide marketing and advertising support to their "store brands" generally, thereby generating awareness of the store and its overall brand name.  Marketers of store brands pass on to consumers in the form of lower prices the money they save on product advertising and promotion.

40.     Denied.

41.     Denied.

## FIRST CLAIM FOR RELIEF
### (Lanham Act: False Designation of Origin)

42.     Heartland incorporates by reference its preceding answers to the complaint.

43.     Denied.  The allegations of paragraph 43 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

**SECOND CLAIM FOR RELIEF**
**(Pennsylvania Anti-Dilution Statute)**

44.     Heartland incorporates by reference its preceding answers to the complaint.

45.     Denied.  The allegations of paragraph 45 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

**THIRD CLAIM FOR RELIEF**
**(Pennsylvania Common Law: Unfair Competition)**

46.     Heartland incorporates by reference its preceding answers to the complaint.

47.     Denied.  The allegations of paragraph 47 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

**FOURTH CLAIM FOR RELIEF**
**(Lanham Act: False Designation of Origin)**

48.     Heartland incorporates by reference its preceding answers to the complaint.

49.     Denied.  The allegations of paragraph 49 of the complaint constitute conclusions of law to which no further response is required.  To these extent the allegations are deemed factual, they are denied.

**FIFTH CLAIM FOR RELIEF**
**(Pennsylvania Anti-Dilution Statute)**

50.     Heartland incorporates by reference its preceding answers to the complaint.

51.     Denied.  The allegations of paragraph 51 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

### SIXTH CLAIM FOR RELIEF
**(Pennsylvania Common Law: Unfair Competition)**

52.     Heartland incorporates by reference its preceding answers to the complaint.

53.     Denied.  The allegations of paragraph 53 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

### SEVENTH CLAIM FOR RELIEF
**(Pennsylvania Common Law: Misappropriation of an Advertising Idea)**

54.     Heartland incorporates by reference its preceding answers to the complaint.

55.     Denied.  The allegations of paragraph 55 of the complaint constitute conclusions of law to which no further response is required.  To the extent these allegations are deemed factual, they are denied.

WHEREFORE, defendants respectfully requests that the Court deny any and all relief that plaintiff has requested and dismiss plaintiff's complaint with prejudice.

### AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses:

1.      Plaintiff's complaint should be dismissed by reason of laches, including based on Wal-Mart's open and notorious use of its Altern packaging since at least as early as January 2006, of which McNeil has had knowledge.

2.      Plaintiff's complaint should be dismissed by reason of unclean hands.

3.      Plaintiff's claims regarding the use of Splenda's advertising logo should be dismissed by reason of mootness.

4.      Plaintiff's complaint should be dismissed because it fails to state a claim or state a sufficient factual and/or legal basis for its claims under the Lanham Act or Pennsylvania statutory and/or common law under which relief may be granted.

5.      Plaintiff's claims are barred by the equitable doctrine of acquiescence based on Wal-Mart's open and notorious use of its Altern packaging since at least as early as January 2006, of which McNeil has had knowledge.

6.      Plaintiff's claims are barred based upon its failure to mitigate damages based on Wal-Mart's open and notorious use of its Altern packaging since at least as early as January 2006, of which McNeil has had knowledge.

7.      Plaintiff's claims are barred by the doctrine of waiver based on Wal-Mart's open and notorious use of its Altern packaging since at least as early as January 2006, of which McNeil has had knowledge.

8.      Plaintiff's claims fail in whole or in part because there is no likelihood of confusion -- whether initial, actual, or post-sale -- between the products at issue.

9.      Plaintiff's claims fail in whole or in part because there is no likelihood of confusion -- whether initial, actual, or post-sale -- as to the source or association of the products at issue.

10.     Plaintiff's claims fail in whole or in part because the trade dress of the products at issue is not confusingly similar.

11.     Plaintiff's claims fail in whole or in part because Splenda's trade dress is functional.

12.     Plaintiff's claims fail in whole or in part because Splenda's trade dress -- including its advertising logo -- is not inherently distinctive.

13.     Plaintiff's claims fail in whole or in part because Splenda's trade dress -- including its advertising logo -- has not acquired secondary meaning.

14.     Plaintiff's claims fail in whole or in part because Splenda's trade dress -- including its advertising logo -- is not famous.

15.     Defendants generally deny each and every allegation in plaintiff's complaint as it relates to defendants' alleged liability.

16.     Defendants generally deny each and every allegation in plaintiff's complaint as it relates to causation of any harm suffered by plaintiff McNeil.

17.     Plaintiff is not entitled injunctive relief because it has not suffered irreparable harm.

18.     Plaintiff is not entitled injunctive relief because the balancing of the harms favors defendants.

19.     Plaintiff is not entitled injunctive relief because the grant of such relief would not be in the public interest.

WHEREFORE, defendants respectfully request that the Court deny any and all relief that plaintiff has requested and dismiss plaintiff's complaint with prejudice.

Respectfully submitted,

s/*Lizanne V. Hackett*
Abbe F. Fletman (PA 52896)
Lizanne V. Hackett (PA 89751)
FLASTER/GREENBERG P.C.
Eight Penn Center
1628 JFK Blvd., 15th Floor
Philadelphia, PA 19103
Tel: 215-279-9393
Fax: 215-279-9394
*Attorneys for defendants*

Of Counsel:
William L. O'Connor
George A. Dremonas
DANN PECAR NEWMAN
  & KLEIMAN
One American Square
Suite 2300
Indianapolis, IN  46282

Dated: January 22, 2007